# In the United States Court of Federal Claims

No. 13-719C

(E-Filed:  June 12, 2018)

|  |  |  |
|---|---|---|
| TIMOTHY J. HATMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Motion for Reconsideration, RCFC 59; |
| v. | ) | Supplementation of the Administrative |
| | ) | Record. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jason E. Perry, Wellington, FL, for plaintiff.

Devin A. Wolak, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Steven J. Gillingham, Assistant Director, United States Department of Justice Civil Division, Washington, DC, for defendant.  Adam Frey, United States Air Force Litigation Division, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

On March 1, 2018, this court dismissed Mr. Hatmaker's suit after careful review of the parties' cross-motions for judgment on the administrative record.  ECF No. 88. The court has before it plaintiff's motion for reconsideration which is brought pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (RCFC).  ECF No. 90. Defendant opposes plaintiff's motion for reconsideration.  ECF No. 92.  For the reasons set forth below, plaintiff's motion is **DENIED**.

I.     Background

A.     Overview

Familiarity with the opinion challenged by plaintiff is presumed.  See Hatmaker v. United States, 136 Fed. Cl. 454 (2018) (Hatmaker III).  Plaintiff's claims before this court pertain to military disability retirement benefits.  Id. at 457.  Mr. Hatmaker's claims were

remanded, twice, to the Physical Disability Board of Review (PDBR), by order of this court.  See Hatmaker v. United States, 127 Fed. Cl. 217 (2016) (Hatmaker II); Hatmaker v. United States, 117 Fed. Cl. 560 (2014) (Hatmaker I).  During these remands, had Mr. Hatmaker persuaded the PDBR that he was 30% disabled (or more) at the time of his separation from the United States Air Force, he would have been awarded military disability retirement benefits.  Hatmaker III, 136 Fed. Cl. at 458.

The PDBR did not change its view of Mr. Hatmaker's disability ratings, but did correct its analysis to comply with this court's instructions in Hatmaker I and Hatmaker II.  In Hatmaker III, the court found that plaintiff had not met his burden to show that the PDBR's 2016 decision was arbitrary or capricious.  136 Fed. Cl. at 466-67.  The court also denied Mr. Hatmaker's request to supplement the administrative record with additional medical and pharmaceutical records.  Id. at 467.

B.      Plaintiff's Request to Supplement the Administrative Record

The court's focus here is on the proceedings in this case which followed the PDBR's 2016 decision.  That decision was filed on December 6, 2016.  See ECF Nos. 56 (joint status report), 58 (PDBR's 2016 decision on remand).  The court subsequently lifted the stay in this case and requested the parties' notices addressing further proceedings, pursuant to RCFC 52.2(f)(1).  ECF No. 57.

The parties notified the court that a record supplementation issue had been raised by plaintiff, and that the parties would attempt to negotiate an amicable resolution of that issue.  ECF No. 59.  The parties' notice stated that "Mr. Hatmaker believes that certain materials should be added to the administrative record for this case before the parties begin motion practice concerning the PDBR's latest decision."  Id. at 1 (emphasis added).  The parties requested "three more weeks" for plaintiff to assemble the proposed record supplement and for defendant to consider whether the supplement was merited.  Id.  The court agreed to the parties' joint request.  ECF No. 60.

Plaintiff presented the proposed record supplement to defendant on January 26, 2017, one day before the parties' joint status report was due to be filed at the court.  ECF No. 61 at 1; ECF No. 65 at 2.  Upon an initial, "not yet complete" review of the materials, defendant notified the court that it would oppose the supplementation request, and the parties asked that plaintiff's motion to supplement the record be filed, briefed and resolved before dispositive motions were filed.  ECF No. 63 at 1.  The government noted that most of the records proffered by plaintiff had not been reviewed by the PDBR, and thus were not an appropriate supplement to the record of the PDBR's 2016 decision.  Id.  The parties proposed a filing deadline of March 3, 2017, for plaintiff's motion to supplement the administrative record.  Id.

Plaintiff filed a five-page motion, a proposed supplement index, and a proposed record supplement of fifteen pages, on March 3, 2017.  ECF No. 65.  Although the

motion was quite succinct, each page of the proposed supplement was addressed, giving plaintiff's view as to the probative value of each document included in the proposed record supplement. Id. at 4-5. Plaintiff's motion was fully briefed. See ECF Nos. 66 (defendant's response), 67 (plaintiff's reply).

C.    The Court's Scheduling Orders

The court issued three orders relevant to the resolution of plaintiff's request to supplement the administrative record. The first order adopted the parties' understanding that the motion to supplement should be decided before cross-motions for judgment on the administrative record were filed. See ECF No. 64 at 1 ("The court will wait to schedule further proceedings, including briefing on Mr. Hatmaker's anticipated motion for judgment on the administrative re[cord], until after it resolves his motion to supplement the administrative record.").

This first order was superseded, however, after the court reviewed the briefing of plaintiff's motion to supplement the administrative record. The second order substituted a different approach for further proceedings. The court noted that plaintiff's motion had not yet shown that the proposed supplement was necessary "'to permit meaningful judicial review.'" ECF No. 68 at 2 (citing Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1380 (Fed. Cir. 2009)). The court explained that further context was required:

> The court believes the best course in this case is to defer ruling on the present motion [to supplement the administrative record] until further context is available that will allow the court to make a proper determination as to whether the documents are necessary.

Id. The court stayed its resolution of plaintiff's motion to supplement, and the parties were directed to "confer and file a joint status report proposing further proceedings in this matter." Id.

In light of the court's commentary, the parties proposed a briefing schedule for the filing of their cross-motions for judgment on the administrative record, with responsive briefing to follow according to the rules of this court. ECF No. 69. Implicit in that proposed schedule was the parties' recognition that no resolution of plaintiff's motion to supplement the administrative record would be available to guide their briefing of the dispositive motions. The court adopted the parties' proposed schedule. ECF No. 70. Thus, the court's initial plan of resolving plaintiff's motion to supplement the administrative record before turning to the parties' cross-motions for judgment on the administrative record was conclusively superseded by a different approach, where the

court would consider the request to supplement the administrative record in the context of the parties' arguments in their dispositive motions.[1]

Thus, the court's third order directed the parties to provide all of their arguments for judgment on the administrative record in their dispositive motions and responsive briefing. If some of plaintiff's arguments might have found support in his proposed supplement to the administrative record, his only opportunity to signal such support to the court was in the context of his moving brief and his response/reply brief. ECF Nos. 75, 86. To the extent that Mr. Hatmaker refrained, to some degree, from relying on his proposed supplement to the administrative record in those briefs, no rational justification for such a decision can be found in the text of the court's orders deferring a ruling on his motion to supplement the administrative record. See ECF Nos. 68, 70. Before turning to the merits of plaintiff's motion for reconsideration, the court addresses the pertinent standard of review.

## II.    Standard of Review for Motions Brought under RCFC 59

Pursuant to the rules of this court, a plaintiff may be granted reconsideration of the court's disposition of a case "for any reason for which a new trial has heretofore been granted in an action at law in federal court [or] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." RCFC 59(a)(1)(A)-(B). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). The motion for reconsideration "must be based on a manifest error of law or mistake of fact and must show either: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." First Fed. Lincoln Bank v. United States, 60 Fed. Cl. 501, 502 (2004) (citations omitted).

## III.    Analysis

Mr. Hatmaker presents three arguments in support of his motion for reconsideration. The first two concern the court's consideration and rejection of his motion to supplement the administrative record with fifteen pages of additional medical and pharmaceutical records. ECF No. 90 at 3-7. The third argument suggests that the court erred when it found that Mr. Hatmaker waived an argument based on 38 C.F.R.

---

[1]    This is hardly a novel approach. See, e.g., Strand v. United States, 127 Fed. Cl. 44, 46, 51 (2016) (resolving dispositive motions concurrently with a motion to supplement the administrative record), aff'd, 706 F. App'x 996 (Fed. Cir. 2017); Miller v. United States, 119 Fed. Cl. 717, 720, 733 (2015) (resolving dispositive motion concurrently with a motion to supplement the administrative record).

§ 4.16(b) (2017).  ECF No. 90 at 7-10 (citing <u>Hatmaker III</u>, 136 Fed. Cl. at 460 n.6).
None of these arguments has merit.

      A.      Motion to Supplement the Administrative Record

      1.      Deferred Ruling

First, plaintiff argues that the court erred when it deferred ruling on his motion to
supplement the administrative record.  The court reproduces virtually all of plaintiff's
argument here:

> By deferring ruling on the motion, Mr. Hatmaker was placed in the
> position of not being able to make the arguments that would have made the
> showing of the necessity of the records for effective judicial review.  Mr.
> Hatmaker was concerned about this issue and explicitly asked the Court to
> allow him to rely on the records in his motions.  In his reply brief to his
> motion, he stated, "Should the Court deny our motion, we respectfully ask
> that any decision and order clarify whether Plaintiff may rely on the proffered
> records by including them as appendices or attachments to future motions or
> briefs."  ECF [No.] 75 at 4.  When the Court did not address this issue in its
> order staying his motion, ECF [No.] 68, plaintiff understood that he could
> not rely on or make arguments regarding the documents proffered in ECF
> [No.] 65-1.  Counsel for the plaintiff believes that in staying the motion and
> deferring ruling on it, the plaintiff was prohibited in making arguments in the
> parties['] cross-motions that he needed to in order to convince the Court that
> the very subject records are necessary for effective judicial review.  He
> understood the Court to mean that it was deferring its ruling to see if the
> subsequent motions would obviate [the] need to rule on the records issue, as
> if plaintiff was able to convince the Court that the PDBR's decision was
> arbitrary, capricious, or not supported by substantial evidence, then
> completion or supplementation of the record would not be necessary.  By
> deferring its ruling, however, Mr. Hatmaker believes he was not given a fair
> opportunity to demonstrate the necessity of inclusion of the records in the
> AR . . . .

ECF No. 90 at 3-4.  As the court explained in the background section of this opinion,
however, plaintiff's motion to supplement could not be granted without some context
showing why the supplement was necessary, under <u>Axiom</u>.  In other words, plaintiff had
failed to convince the court that the motion should be granted, and deferral of any ruling
on the motion was the best option available to the court at that point.

As for counsel's misinterpretation of the court's second and third scheduling
orders, construing these as a ban on reliance on the proposed supplement to the

administrative record, the court cannot find therein a manifest injustice.[2]  Mr. Perry is an experienced litigator before this court.  If he needed clarification of these scheduling orders, he should have filed a motion for clarification to obtain the answer he desired.  In addition, the schedule proposed by the parties allowed counsel more than a month to prepare his motion for judgment on the administrative record.  Mr. Perry had ample time to request clarification from the court.

Finally, to the extent that plaintiff argues that he was deprived of a fair opportunity to renew and revise his motion to supplement within the body of his motion for judgment on the administrative record, the court must disagree.  See ECF No. 90 at 3 ("Mr. Hatmaker was placed in the position of not being able to make the arguments that would have made the showing of the necessity of the records for effective judicial review."), 4 (stating that he believed "the plaintiff was prohibited in making arguments in the parties['] cross-motions that he needed to in order to convince the Court that the very subject records are necessary for effective judicial review"), id. (stating that "Mr. Hatmaker believes he was not given a fair opportunity to demonstrate the necessity of inclusion of the records in the AR").  Mr. Hatmaker had two fair opportunities to present his arguments for supplementation of the administrative record.

First, once the PDBR's 2016 decision was filed, the supplementation dispute was raised by plaintiff and could not be resolved amicably.  Consequently, Mr. Hatmaker was given three weeks to prepare a motion to supplement the administrative record pursuant to a schedule proposed by the parties.  ECF Nos. 63 (joint status report), 64 (scheduling order).  In that time period, plaintiff's counsel produced a one-paragraph argument explaining why each of the particular documents included in plaintiff's proposed supplement to the record was necessary for the court's review of the PDBR's 2016 decision.  ECF No. 65 at 4-5.  Mr. Hatmaker had an ample opportunity to convince the court that his motion to supplement should be granted.  That Mr. Hatmaker's brief was unpersuasive is not tantamount to the denial of a fair opportunity to argue the motion.

Mr. Hatmaker's motion for judgment on the administrative record offered plaintiff a second chance to argue the necessity of the proposed supplement and to meet the requirements of Axiom.  As the court noted when it deferred ruling on the motion to supplement, the parties' subsequent briefing would provide the context in which the necessity of the proposed supplement would be determined.  See ECF No. 68 at 2 ("In order to demonstrate that including these supplementary documents is proper, plaintiff must show that they are necessary to meaningful judicial review.").  Plaintiff, however, did not devote any portion of his dispositive motion to this issue.

---

[2]     The court observes that Mr. Perry's inquiry as to plaintiff's reliance on the documents in the proposed supplement was predicated on the court's denial of Mr. Hatmaker's motion to supplement the administrative record.  ECF No. 67 at 4.

Mr. Hatmaker did, however, as defendant points out, refer to the proposed supplement as support for plaintiff's challenge to the latest PDBR decision. See ECF No. 92 at 4 (citing ECF No. 75 at 26, 34-35). The court concludes that Mr. Hatmaker was given a sufficient opportunity to convince the court that the record should be supplemented, and was also able, despite his protestations to the contrary, to point to the proposed supplement as support for his motion for judgment on the administrative record. In these circumstances, the court does not find that its deferral of a ruling on plaintiff's motion to supplement the administrative record constituted a manifest injustice, or that reconsideration of the court's dismissal of this suit is warranted on this issue.

2.      Denial of the Motion to Supplement

a.      Background

Mr. Hatmaker suggests that the court erred when it denied his motion to supplement the administrative record. Before turning to plaintiff's arguments in this regard, the court must lay an adequate foundation. The fifteen-page proposed supplement to the administrative record is largely comprised of pharmaceutical records showing that certain medications were issued to Mr. Hatmaker. ECF No. 65-1 at 3-11. According to his motion to supplement the administrative record, these records contradict an assumption by the PDBR that he was not taking medication for obsessive compulsive disorder (OCD) at certain times. ECF No. 65 at 4-5. An additional document also relates to prescribed medications, but this document appears to lend support to the chronology of medication use described by the PDBR. ECF No. 65 at 4; ECF No. 65-1 at 2 (gall bladder surgery record); see also ECF No. 58 at 4 (showing that the PDBR speculated that gall bladder surgery delayed the filling of one of Mr. Hatmaker's prescriptions).

The remainder of the documents are treatment records that briefly reference vertigo. The first document, emergency room discharge instructions, provides general guidelines for coping with vertigo, and lists two medications that were prescribed for vertigo and congestion. ECF No. 65-1 at 12-14. The second document is a physical therapy note that comments on the patient's "sporadic" attendance due to vertigo, and states that Mr. Hatmaker was waiting to be assessed for vertigo. Id. at 15. Finally, the third document, dated July 9, 2010, scheduled Mr. Hatmaker for treatment for the condition underlying his vertigo. Id. at 16. According to plaintiff's motion to supplement the administrative record, these records "provide evidence of the severity of Mr. Hatmaker's vertigo" and contradict the PDBR's reliance on the "lack of other records about treatment for vertigo." ECF No. 65 at 5.

Along with the proposed supplement of fifteen pages, plaintiff argued that he should be given "liberal leave and [the] right" to add more documents to the administrative record, depending on the issues raised by the briefing of the parties' cross-motions for judgment on the administrative record. Id. at 1. The extent of future supplementation of the administrative record was not specified by plaintiff. Id.

7

In opposition, defendant argued that Mr. Hatmaker's motion to supplement the administrative record should be denied because the record before the court was certified to contain all of the materials considered by the PDBR when it rendered its 2016 decision. ECF No. 66 at 2-3. According to defendant, the records presented by plaintiff in the proposed supplement, and in any future proposed supplements, were not considered by the PDBR, and thus were not proper to include in the administrative record. Id. at 1-2. Rather than turn this suit into a de novo proceeding which weighed record evidence and supplemental evidence, defendant argued that only a remand to the PDBR would permit the court to consider Mr. Hatmaker's new evidence. Id.

Plaintiff replied that he "does not agree with remand as a required step in this case." ECF No. 67 at 4. Plaintiff argued that supplementation was proper, because "[i]n injecting issues not in the record and speculating about facts not before the PDBR, the agency has created the problem of making statements that the Plaintiff would like to refute with directly relevant documentary evidence." Id. at 3. At the conclusion of the briefing of plaintiff's motion to supplement, as noted supra, the court deferred ruling on the supplementation issue until it could consider the request in the context of the parties' cross-motions for judgment on the administrative record.

b.    Denial of Plaintiff's Motion in Hatmaker III

Overall, the court concluded that "nothing in the documents presented by plaintiff shows that effective review of the PDBR's 2016 decision could not occur in the absence of these documents." Hatmaker III, 136 Fed. Cl. at 460. The basis for this conclusion was the court's finding that these documents were not probative regarding the rationality of the PDBR's analysis of the disability ratings for Mr. Hatmaker's OCD and vertigo. Id. at 462, 466 n.12. When the court considered the potential impact of these documents on the rationality of the PDBR's conclusions regarding OCD and vertigo, the impact was so inconsequential that the probative value of these documents did not merit either a remand to the PDBR or supplementation of the administrative record. Id. at 460 n.5, 462 n.8, 466 n.12.

The court also relied on a second reason to deny Mr. Hatmaker's motion to supplement the administrative record. The records in the proposed supplement were not presented to the PDBR in 2012, they were not introduced in this litigation during two rounds of dispositive motions which specifically addressed disability ratings for OCD and vertigo, nor were they all presented to the PDBR during the remand proceedings ordered by Hatmaker I and Hatmaker II. The court found that even if the proposed supplement could be viewed as having probative value, these materials should be excluded because plaintiff had ample opportunity to present them to the PDBR, or to this court, in time to have these materials reviewed in an efficient fashion by the PDBR. Hatmaker III, 136 Fed Cl. at 460 nn.4-5.

The court's role here is to review the PDBR's decision under the "substantial evidence" standard. Id. at 458-59 (citations omitted). That role is undermined when the claimant withholds potentially relevant evidence until the final stages of the litigation of his case. This court must exclude evidence when it is clear that the evidence could, and should, have been presented to the review board at an earlier stage of the proceedings. Id. at 460 n.4 (citing Walls v. United States, 582 F.3d 1358, 1368 (Fed. Cir. 2009)).

c.      No Error in Denial of Supplementation

Plaintiff presents three arguments challenging the denial of his motion to supplement the administrative record. First, Mr. Hatmaker states that he was under no obligation to submit these records to the PDBR. ECF No. 90 at 5-6. Second, Mr. Hatmaker alleges that the relevance of the additional records was not made clear until the PDBR issued its 2016 decision, so he had no reason to submit these records at any earlier time. Id. at 5. Third, Mr. Hatmaker argues that his medication records refute the PDBR's assumptions as to his vertigo medication usage, and thus are necessary to assess whether the agency arbitrarily and capriciously considered the vertigo evidence before it. Id. at 6-7. Plaintiff also implies that the court impermissibly substituted its judgment for that of the agency. Id. at 7 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (Chenery)). In plaintiff's view, a re-opened judgment and a remand of the proposed supplemental documents to the PDBR are warranted in these circumstances. Id. at 1.

The court must disagree. First, as to Mr. Hatmaker's allegation that he had no regulatory obligation to present evidence to the PDBR, this may be true. But plaintiff himself acknowledged that the PDBR is required to consider evidence submitted to it by a claimant. ECF No. 16 at 21 (plaintiff's first dispositive motion) (citations omitted). It is also clear from the record before the court that plaintiff submitted evidence to the PDBR in 2012. See, e.g., ECF No. 13 at 17 (defendant's first dispositive motion) (citing ECF No. 12-1 at 18, 30-31). Moreover, plaintiff submitted exactly the type of evidence proffered here during one of the remands to the PDBR. See, e.g., ECF No. 58 at 6-7 (evidence of prescription medication), 24 (evidence of vertigo), 31 (evidence of vertigo). Indeed, at least one of the documents in his proposed supplement was among those he had already submitted to the PDBR, and which was considered by the PDBR. Compare ECF No. 58 at 24, with ECF No. 65-1 at 15. Therefore, even if Mr. Hatmaker was not required to submit relevant evidence to the PDBR, he certainly should have done so if the PDBR did not appear to be aware of the evidence.

Second, Mr. Hatmaker's medication usage was clearly an important issue in this case. Even if he had no reason to submit such records to the PDBR in the first instance, once gaps in the medication record became evident to the court and the parties, Mr. Hatmaker was on notice that any medication evidence available to him that might not be in the record was essential for his case. The court specifically noted in Hatmaker I that the administrative record did not appear to be complete as to the medications plaintiff was taking for his vertigo. See 117 Fed. Cl. at 575 (stating that "the court cannot

determine from the record what, if any, impact the Board's awareness (or lack thereof) of plaintiff's vertigo medication had on its decision"). In these circumstances, plaintiff's failure to present the documents contained in his proposed supplement to the PDBR during the first remand ordered by the court doomed his attempt to add these documents to the administrative record in this case three years later. Plaintiff's motion to supplement the administrative record is improper for the reasons stated in <u>Hatmaker III</u>. 136 Fed Cl. at 460 nn.4-5.

Third, the court cannot agree with plaintiff that the records in the proposed supplement were probative, because their impact was inconsequential in the context of the PDBR's analysis of Mr. Hatmaker's OCD and vertigo. At most, these records show that the PDBR made one erroneous assumption as to the constancy of Mr. Hatmaker's reliance on certain medications, and may have underestimated the extensiveness of the treatment records relevant to Mr. Hatmaker's vertigo. As defendant points out, neither of these proposed additions to the factual record address the crucial issue of "occasional staggering," nor do they undermine the PDBR's rational assessment of the probative value of the opinion of one of Mr. Hatmaker's treating physicians, Dr. Malagon.[3] ECF No. 92 at 5-6. The court refused to supplement the administrative record here because there was no probative value in these documents.[4]

Finally, the court responds to plaintiff's insinuation that the court improperly substituted its judgment for that of the PDBR, an argument which is presented only in a bare citation to <u>Chenery</u>. ECF No. 90 at 7 (quoting 332 U.S. at 196). Plaintiff first invokes the "substantial evidence" standard of review, and then cites <u>Chenery</u> for the proposition that "the basis for an agenc[y's] decision must be based on the grounds stated by the agency." <u>Id.</u> This fragment of an argument appears in the section of plaintiff's motion for reconsideration devoted to Mr. Hatmaker's contention that his motion to

---

[3]     Plaintiff misstates the PDBR's weighing of the probative value of Dr. Malagon's letter. <u>See</u> ECF No. 65 at 5 (stating that supplementation was necessary to "respond to the board's statements suggesting that Dr. Malagon's letter does not carry much weight due to lack of other records about treatment for vertigo"). The letter received little weight for other reasons, including, for example, because "it was <u>not supported by the copies of the clinic records from the period of time following separation from service</u> that were submitted [to the PDBR by Mr. Hatmaker]." ECF No. 58 at 31 (emphasis added). Dr. Malagon's statements were not discounted because of the PDBR's allegedly faulty reliance on a "lack of other records about treatment for vertigo." ECF No. 65 at 5.

[4]     The court observes that any probative weight these documents might have had was given due consideration by the court in its resolution of the parties' cross-motions for judgment on the administrative record. The court did not reject the documents out of hand as support for plaintiff's case; it merely excluded them from the official administrative record filed in this case.

supplement should have been granted because the proffered records were necessary for the effective review of the PDBR's 2016 decision.  Id. at 6-7.  Assuming that this insinuation presented by plaintiff concerns the court's decision to not remand the proposed document supplement to the PDBR, the court revisits this topic.

In Hatmaker III, the court discussed the relevant standard of review for supplementation of the administrative record in military pay cases and considered whether remand was appropriate in response to plaintiff's motion to supplement the administrative record in this case.  See 136 Fed. Cl. at 459-60 & nn.4-5 (citing, among other authorities, Walls, 582 F.3d at 1367-68; Holmes v. United States, 98 Fed. Cl. 767, 780 (2011)).  Under those authorities, and Axiom, 564 F.3d at 1380, neither supplementation of the record nor remand was appropriate.  Hatmaker III, 136 Fed. Cl. at 460 & nn.4-5, 462 & n.8, 466-67 & n.12.  Rather than substitute its judgment for that of the PDBR, the court applied relevant precedent to determine whether remand to the PDBR was the proper course of action.[5]  In doing so, the court determined both that there was no probative value in the proposed supplement and that these documents should be excluded from the administrative record because Mr. Hatmaker should have submitted them to the PDBR at an earlier stage of this controversy.

The court is well aware of caselaw that forbids this court, under the arbitrary and capricious standard of review, from substituting its judgment of the underlying facts for that of the agency's review of the facts in the first instance.  See, e.g., Chenery, 332 U.S. at 196.  This precedent provides that an agency's decision can only be upheld on the basis that the agency invoked, not on some new basis determined by the court.  Id.; see also OMV Med., Inc. v. United States, 219 F.3d 1337, 1344 (Fed. Cir. 2000) (citing Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974); Chenery, 332 U.S. at 196).  Here, the court did not stray from this principle.  The reasons provided by the PDBR to affirm Mr. Hatmaker's disability ratings for OCD and vertigo were upheld because they were fundamentally rational, even when every document in the proposed supplement to the administrative record was considered.  Hatmaker III, 136 Fed. Cl. at 462 & n.8, 466 n.12.  The court did not substitute its judgment for that of the PDBR.

In the court's view, denial of plaintiff's motion to supplement the administrative record was warranted under the circumstances of this litigation and under relevant precedent.  Thus, the court's denial of the motion was not improper.  Nor is reconsideration of the court's dismissal of this suit warranted due to the errors alleged by

---

[5]     It is somewhat incongruous that plaintiff now recommends another remand to the PDBR after opposing "additional remands" in his briefing of the supplementation issue.  See ECF No. 67 at 4 (stating that "[p]laintiff is concerned with additional remands [to] the PDBR").

plaintiff in the court's decision denying plaintiff's motion to supplement the administrative record.

B.      Waiver of Argument Not Presented to the PDBR or This Court

Mr. Hatmaker also contends that the court erred when it found that plaintiff had waived any argument based on 38 C.F.R. § 4.16(b).  ECF No. 90 at 7-10.  In essence, plaintiff attempts to convince the court that the prior history of this case, which contains absolutely no reference by plaintiff to the specific regulatory language contained in 38 C.F.R. § 4.16(b), nonetheless shows that plaintiff is now entitled to argue that the specific provisions of this regulatory subsection were violated, in addition to his prior contentions that the specific provisions of 38 C.F.R. § 4.16(a) were violated.  In support of his theory that the doctrine of waiver should not be applied here, plaintiff highlights some of the history of this case.  ECF No. 90 at 7-10.  The court reviews here the facts pertinent to the waiver issue.

The issue of unemployability was raised by plaintiff in his initial application for relief from the PDBR.  ECF No. 12-1 at 17-18.  Plaintiff also referenced 38 C.F.R. § 4.16 ("Total disability ratings for compensation based on unemployability of the individual.").  ECF No. 12-1 at 17.  However, his only argument for receiving a disability rating of 100% from the PDBR relied on the principle that is incorporated in 38 C.F.R. § 4.16(a), a principle which may apply when a maximum "schedular" rating for a disability (or disabilities) is below 100%, but that same disability, or combination of disabilities, renders the individual veteran unemployable.  ECF No. 12-1 at 17; see also 38 C.F.R. § 4.16(a) ("Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities[.]").  No reference whatsoever is made by plaintiff to the procedures and policies, internal to the United States Department of Veterans Affairs, which are enunciated in 38 C.F.R. § 4.16(b), regarding the unemployability of veterans.[6]

---

[6]      As defendant argued in its latest cross-motion for judgment on the administrative record, the applicability of this section, 38 C.F.R. § 4.16(b), to a PDBR disability determination is not logical.  ECF No. 85 at 36-37.  Nor, defendant noted, did plaintiff provide any authority to support the applicability of 38 C.F.R. § 4.16(b) to this case.  ECF No. 85 at 37.  Plaintiff did not attempt to rebut the government's argument in his reply brief.  ECF No. 86.  The court must agree with defendant that plaintiff has failed to meet his burden to show that 38 C.F.R. § 4.16(b) applies to this case, or that this regulation was violated by the PDBR, even if such an argument were not waived.  ECF No. 85 at 37 (citing Dorl v. United States, 200 Ct. Cl. 626, 633 (1973); Rose v. United States, 35 Fed. Cl. 510, 512 (1996)).

Once the PDBR denied plaintiff's application for relief, plaintiff filed his complaint in this court. ECF No. 1. Again, Mr. Hatmaker referenced unemployability and 38 C.F.R. § 4.16, but his argument in this regard relied solely on the principle that unemployability may overcome a maximum schedular rating of less than 100% for a particular disability or combination of disabilities, the principle that is enunciated in 38 C.F.R. § 4.16(a). ECF No. 1 at 5. Plaintiff's reliance on 38 C.F.R. § 4.16 in his first motion for judgment on the administrative record similarly espoused the principle encompassed in 38 C.F.R. § 4.16(a), with no mention of the procedures and policies described in 38 C.F.R. § 4.16(b). See ECF No. 16 at 17-18, 28-30. Indeed, the only cited language of 38 C.F.R. § 4.16 in that motion, aside from the title of the regulation, is from 38 C.F.R. § 4.16(a). ECF No. 16 at 17-18, 28. The procedural history of this case shows that plaintiff did not raise any right to relief, from either the PDBR or this court, based on 38 C.F.R. § 4.16(b).

Unsurprisingly, then, this court focused on 38 C.F.R. § 4.16(a), not 38 C.F.R. § 4.16(b), when it granted partial judgment for defendant on the unemployability issue. Hatmaker I, 117 Fed. Cl. at 577-78. Plaintiff's second motion for judgment on the administrative record did not reference 38 C.F.R. § 4.16 at all. See ECF No. 44. It is only when plaintiff filed his third motion for judgment on the administrative record that the issue of a possible violation of 38 C.F.R. § 4.16(b) was raised. ECF No. 75 at 38-39. In light of these procedural facts, the court remains convinced that Mr. Hatmaker waived any such argument by not presenting it, first, to the PDBR, or to this court in his complaint, or to this court in his first two motions for judgment on the administrative record.[7] Hatmaker III, 136 Fed. Cl. at 460 n.6.

Plaintiff presents two principal arguments asserting that he did not waive his 38 C.F.R. § 4.16(b) challenge to the PDBR's 2016 decision. First, plaintiff contends that various references to the concept of unemployability and to 38 C.F.R. § 4.16 in his court filings preserved his right to raise an argument based on 38 C.F.R. § 4.16(b). ECF No. 90 at 8-9. Although he concedes that he never directly referenced 38 C.F.R. § 4.16(b), "Mr. Hatmaker believes that his citation in the complaint to the general section, 38 C.F.R. § 4.16, was inclusive of all subsections." ECF No. 90 at 9. The court cannot agree. The procedural history of Mr. Hatmaker's claims, reviewed supra, shows that his untimely reliance on 38 C.F.R. § 4.16(b) constituted a new argument that was raised many years

---

[7]     It does not help plaintiff's cause that once defendant challenged his 38 C.F.R. § 4.16(b) argument as newly raised, as well as infirm as a matter of law, plaintiff did not address either the timeliness issue or the pertinence of 38 C.F.R. § 4.16(b) to a PDBR determination in his reply brief. See ECF No. 87 at 1-2 (suggesting that the court might rule in the government's favor on any of defendant's legal contentions that were not addressed or rebutted in plaintiff's reply brief) (citing Salter v. United States, 119 Fed. Cl. 359, 363 (2014)).

after Mr. Hatmaker first petitioned the PDBR, and this court, for relief.  Mr. Hatmaker thus waived his right to bring this argument, for the first time, in his third motion for judgment on the administrative record.  E.g., Metz v. United States, 466 F.3d 991, 999 (Fed. Cir. 2006) (citations omitted).

Plaintiff's second argument against waiver is somewhat unclear, but regardless of its logic, the argument suffers from both factual and legal error.  Mr. Hatmaker states that "his first opportunity to address the PDBR's flawed [38 C.F.R. § 4.16] analysis came after it issued its decision in 2016."  ECF No. 90 at 9.  This statement ignores the fact that 38 C.F.R. § 4.16 was raised by plaintiff in his application for relief to the PDBR, ECF No. 12-1 at 17, that he raised arguments based on 38 C.F.R. § 4.16 both in his complaint, ECF No. 1 at 5, and in his first motion for judgment on the administrative record, ECF No. 16 at 17-18, 28-30, and that this court granted partial judgment to defendant because the PDBR had not violated 38 C.F.R. § 4.16 in Hatmaker I, 117 Fed. Cl. at 577-78.  Thus, to the extent that plaintiff alleges that he had to wait for the PDBR's 2016 decision before addressing his alleged right to disability through unemployability under 38 C.F.R. § 4.16(b), these facts show that he had many opportunities to claim military disability retirement benefits under his interpretation of 38 C.F.R. § 4.16(b), at the same time he made claims under his interpretation of 38 C.F.R. § 4.16(a).  All of these opportunities predate the filing of Mr. Hatmaker's third motion for judgment on the administrative record.

The legal underpinning of plaintiff's second argument against waiver is also flawed.  Mr. Hatmaker presents the following legal analysis of the waiver issue:

> As the PDBR was required to consider 38 C.F.R § 4.16 in its original decision, [Mr. Hatmaker] did not have to raise this issue before the agency to preserve it.  The requirement was part of the statutory and regulatory rules that applied to the PDBR.  When the PDBR undertook an analysis under 38 C.F.R § 4.16(a) and issued a decision based on its analysis, it was required to fully comply with the entirety of the regulation at issue.

ECF No. 90 at 9-10.  The court notes, first, that the PDBR's 2016 decision considered 38 C.F.R. § 4.16 because plaintiff raised that regulation's provisions for 100% disability based on unemployability, which are found in 38 C.F.R. § 4.16(a).  See ECF No. 12-1 at 17; ECF No. 58 at 16.  Thus, to the extent that plaintiff argues that the PDBR's 2016 decision in some fashion triggered a newborn right for plaintiff to argue entitlement to benefits based on 38 C.F.R. § 4.16(b), the sequence of events shows, instead, that the PDBR was reacting to plaintiff's reliance on 38 C.F.R. § 4.16(a).  Plaintiff, not the PDBR, initiated the discussion of 38 C.F.R. § 4.16(a).

Further, plaintiff cannot complain that the PDBR did not, on its own initiative, consider whether 38 C.F.R. § 4.16(b) might provide a rationale for plaintiff to obtain military disability retirement benefits.  As defendant notes, it is plaintiff's burden to

argue its case before a military corrections board.  ECF No. 92 at 6-7 (citing <u>Metz</u>, 466 F.3d at 999).  Any arguments not presented to the PDBR were waived.  <u>Metz</u>, 466 F.3d at 999 (citations omitted).  Here, because plaintiff failed to argue before the PDBR that 38 C.F.R. § 4.16(b) entitled him to military disability retirement benefits, that argument has been waived and reconsideration of the court's ruling on this issue is not warranted.

IV.     Conclusion

The court finds no error in its deferral of a ruling on plaintiff's motion to supplement the administrative record.  The court also finds no error in its denial of plaintiff's motion to supplement the administrative record.  Finally, the court finds no error in its determination that plaintiff waived any argument based on 38 C.F.R. § 4.16(b).  Plaintiff has not shown that the dismissal of his suit involved a manifest error of law, mistake of fact or manifest injustice.  Accordingly, plaintiff's motion for reconsideration, ECF No. 90, is **DENIED**.

IT IS SO ORDERED.


<u>s/ Patricia Campbell-Smith</u>
PATRICIA CAMPBELL-SMITH
Judge